Amy M. Samberg
Nevada Bar No. 10212
1 East Washington St., Suite 500
Phoenix, AZ 85004
Telephone: 602-777-6230
Facsimile: 312-863-5099
Email: asamberg@fgppr.com

Justin S. Hepworth
Nevada Bar No. 10080
FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
7455 Arroyo Crossing, Suite 220
Las Vegas, Nevada 89113
Telephone: 702-761-6572
Facsimile: 312-863-5099
E-Mail: jhepworth@fgppr.com

*Attorneys for Plaintiff Philadelphia Indemnity Insurance Company*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, a foreign company;<br><br>Plaintiff,<br><br>v.<br><br>LUXURY SUITES INTERNATIONAL, LLC, a Nevada company<br><br>Defendant. | No. 2:16-cv-00464-JAD-NJK<br><br>**STIPULATION AND ORDER TO EXTEND TIME TO ANSWER OR RESPOND TO COMPLAINT FOR DECLARATORY RELIEF**<br><br>(Second Request) |

Plaintiff Philadelphia Indemnity Insurance Company ("PIIC") and Defendant Luxury Suites International, LLC ("LSI"), through their respective counsel, hereby stipulate to a retroactive extension of the deadline for LSI to answer or otherwise respond to the Complaint for Declaratory Relief ("Complaint") until September 1, 2016. This is the parties' second request for an extension as this Court previously denied without prejudice the prior request since the parties failed to address excusable neglect. *See* Order Denying Stipulation For Extension of Time [ECF No. 8].

PIIC filed its Complaint on March 3, 2016. *See* Complaint [ECF No. 1]. LSI, through its counsel Kolesar & Leatham, executed a Waiver of Service of Summons on April 6, 2016. *See*

- 1 -

Waiver of Service of Summons [SCF No. 6]. Since that time, the parties have been attempting to settle the instant coverage dispute (and the related underlying litigation) without further Court intervention. The parties previously participated in a mediation with the Honorable Philip Pro in June 2016 and have another mediation scheduled for August 22, 2016. In light of this upcoming mediation with Judge Pro, the parties respectfully ask the Court to extend the time for LSI to answer or otherwise respond to the Complaint until ten (10) days after the mediation or September 1, 2016.

Pursuant to Federal Rule of Civil Procedure 6(b), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on a motion made after the time has expired if the party failed to act because of excusable neglect." The Supreme Court and the Ninth Circuit recognize that "excusable neglect" under Rule 6(b) is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movement. *See Vannah v. Lincoln Gen. Ins. Co.*, No. 2:12-cv-01238-JCM, 2013 WL 3995266, at *1 (D. Nev. Aug. 2, 2013) (citing *Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 381 (9th Cir.1997); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 391, 113 S.Ct. 1489, 1496, 123 L.Ed.2d 74 (1993)). The determination whether excusable neglect exists is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. *Id.* This equitable determination is left to the discretion of the district court. *Pincay v. Andrews,* 389 F.3d 853, 860 (9th Cir. 2004). In making such a determination, courts should consider the following non-exhaustive factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *See Pioneer Inv. Servs. Co.*, 507 U.S. at 395; *see also Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223-24 (9th Cir. 2000).

A review of the aforementioned factors demonstrates excusable neglect for not seeking an extension earlier. First, there is no danger of prejudice to the opposing party as PIIC has stipulated to the extension for LSI to file a responsive pleading to the Complaint. By contrast, LSI would be severely prejudiced if the deadline to file a responsive pleading is not extended – especially at this early stage of the litigation. Second, the length of the delay in seeking an extension will not significantly impact the proceedings since the case is in the early stages of the litigation. Third, the

reason for the delay is excusable as the parties have been attempting in good faith to settle this litigation (and the related underlying litigation) without further Court intervention. The parties already engaged in one mediation with the Judge Pro in June 2016 and have set another mediation on August 22, 2016. During this time, the parties have been working together in an attempt to settle the related underlying litigation which is ongoing. Rather than incurring additional legal expenses to file pleadings and commence discovery in this coverage litigation, the parties focused their efforts in trying to resolve the related underlying litigation and this coverage litigation at the same time. Several courts have suggested that ongoing settlement negotiations may constitute excusable neglect for purposes of extending deadlines. *See, e.g., Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986) (failure to answer was excusable neglect arising out of settlement negotiations and attorney responded promptly after negotiations failed); *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750 (9th Cir. 2002) (finding district court abused its discretion in determining the failure to comply with a court order was not attributable to excusable neglect based in part because the parties were engaged in settlement discussions). Finally, the ongoing settlement negotiations demonstrate good faith on the part of all parties to amicably resolve this litigation.

Taking all these factors into consideration, the parties believe excusable neglect exists such that the deadline for Plaintiff LSI to file a responsive pleading to the Complaint should be extended. Accordingly, the parties respectfully request that this Court extend the deadline to file a responsive pleading until ten (10) days after the upcoming mediation or September 1, 2016.

DATED THIS 21ST DAY OF JULY, 2016.

KOLESAR & LEATHAM

BY: /s/ Matthew T. Duschoff
    Matthew T. Dushoff, Esq.
    Nevada Bar No. 2975
    400 S. Rampart Blvd., Ste. 400
    Las Vegas, Nevada 89145
    *Attorneys for Luxury Suites International, LLC*

DATED THIS 21ST DAY OF JULY, 2016.

FORAN GLENNON PALANDECH PONZI & RUDLOFF

BY: /s/ Justin S. Hepworth
    Justin S. Hepworth, Esq.
    Nevada Bar No. 10080
    7455 Arroyo Crossing, Suite 220
    Las Vegas, Nevada 89113
    *Attorneys for Philadelphia Indemnity Insurance Company*

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
7455 Arroyo Crossing, Suite 220
Las Vegas, Nevada 89113

*Case No. 2:16-cv-00464-JAD-NJK*

## ORDER

Pursuant to the stipulation of the parties,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the deadline for Luxury Suites International, LLC to answer or otherwise respond to Philadelphia Indemnity Insurance Company's Complaint is September 1, 2016.

Dated this 22nd day of July, 2016.

_____
UNITED STATES MAGISTRATE JUDGE